UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACEY SCHROCK; CHRISTINA MONROE; LAUREL MONROE and JAMES MONROE; and LISA SCHROCK and JOHN SCHROCK,<br><br>Plaintiffs,<br><br>v.<br><br>ISUZU MOTORS LIMITED, a Japanese corporation, ISUZU MOTORS AMERICA, LLC, a California limited liability company, which is the surviving entity following a merger with Isuzu Motors America, Inc. and American Isuzu Motors Inc.; SUBARU OF INDIANA AUTOMOTIVE, INC., an Indiana corporation, formerly known as Subaru-Isuzu Automotive, Inc.; TAKATA CORPORATION, a Japanese corporation; TK HOLDINGS, INC., a Delaware corporation; TAKATA SEAT BELTS, INC., a Delaware corporation; TI HOLDINGS, INC., a Delaware corporation, formerly known as Takata, Inc.; and John Doe Incs. (1-20),<br><br>Defendants. | Case No. 4:10-cv-521-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiffs' Motion for Stay (Dkt. 19) requesting a stay of this

action in favor of resolving identical litigation pending in the Superior Court of

**MEMORANDUM DECISION AND ORDER - 1**

California, in Orange County.[1] Defendants oppose the motion and wish to litigate this case here in the District of Idaho. After the motion was filed, the parties notified the Court that the California state court denied an identical motion filed by Defendants to stay the state court proceedings in favor of allowing the Federal case to continue here. (Dkt. 71-1.) The California state court case has been set for trial to commence on April 9, 2012. (Dkt. 71-1.) This matter is set for trial as well, to commence on October 29, 2012. (Dkt. 57.)

## BACKGROUND

The parties agree that the parties and claims asserted in the two actions are identical. The Complaint seeks recovery of damages based upon products liability arising out of a single vehicle rollover accident that occurred on October 24, 2008, in Minidoka County, Idaho. Although Plaintiffs assert their preferred choice of venue is in California state court, Plaintiffs represent they filed this identical action "out of an abundance of caution" to toll the applicable Idaho statute of limitations in the event the California state court action could not proceed or failed on other procedural grounds. (Mot. at 2, Dkt. 19; Mem. at 3, Dkt. 19-1.) Beyond deciding the motion to stay, neither court has made any substantive rulings. Defendants' Motion to Dismiss, which if decided would not be dispositive of all claims asserted in the complaint, is pending before this Court. (Dkt. 42.)

---

[1] The parties have fully briefed the motion and it is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

Plaintiffs argue that their choice of forum should be given deference. Plaintiffs represent that they "intend to pursue this matter in California," (Dkt. 70), and that if they were allowed to proceed in California state court they would either stipulate to a stay of this action or file a motion to dismiss. (Decl. of Chase ¶ 5, Dkt. 66-3.) Plaintiffs have filed neither a stipulation for stay, or a motion to dismiss. Accordingly, the Court will proceed to determine if a stay is appropriate.

## ANALYSIS

The parties argue their respective positions advocating for or against a stay under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *Colorado River* sets forth several factors relevant when deciding whether "exceptional circumstances" exist to stay a federal court action on the grounds that there is a similar action pending in state court in which the controversy can be resolved. *See* 20 Charles Alan Wright & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: FEDERAL PRACTICE DESK BOOK § 54 at 456–58 (6th ed. 2002). No such exceptional circumstances exist in this case weighing in favor of granting a stay.)[2]

The mere pendency of an action in state court does not require a federal court to refuse to hear an action or stay an action, and both actions may go forward until one results in a judgment. *Id. See also Colorado River*, 424 U.S. at 817. Federal courts have an "unflagging obligation . . . to exercise the jurisdiction given them," which in this case

---

[2] The Court will proceed to rule on Defendants' Motion to Dismiss, which has been fully briefed. A hearing will be scheduled on July 12, 2011, at 4:00 p.m. at the Federal Courthouse in Pocatello.

**MEMORANDUM DECISION AND ORDER - 3**

is based upon diversity of citizenship. *Colorado River*, 424 U.S. at 817. The circumstances permitting dismissal of a federal suit because a concurrent state proceeding exists are "considerably more limited" than circumstances appropriate for abstention. *Id.* at 818.

The United States Supreme Court set forth several factors for federal courts to consider, including (1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. *Id.* The Court of Appeals for the Ninth Circuit has recognized additional considerations added by *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). Those are whether federal law provides the rule of decision on the merits and whether the state court proceedings are inadequate to protect the federal litigant's rights. *Travelers Indem. Co. v. Madonna*, 914 F.3d 1364, 1367 (9th Cir. 1990). Finally, the Court is to consider whether the litigants are forum shopping. *Travelers Indem. Co.*, 914 F.3d at 1367.

No one factor is determinative, and the Court must take into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise. *Colorado River*, 424 U.S. at 818. Additionally, the balance is "heavily weighted in favor of the exercise of jurisdiction." *Travelers Indem. Co.*, 914 F.3d at 1367. "Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819. Within these parameters, an order staying the litigation is just as much a refusal to exercise federal jurisdiction as a dismissal. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28.

**MEMORANDUM DECISION AND ORDER - 4**

The first factor, jurisdiction over the property, is not helpful because money damages are not the sort of tangible physical property referenced in *Colorado River*. *Travelers Indem. Co.*, 914 F.2d at 1368.

The inconvenience of the federal forum is similarly unhelpful. While Defendants argue that all witnesses and documents in this case are in Idaho, a closer look reveals that, in this products liability case, only one Idaho witness appears necessary. The facts of the case do not hinge upon the crash itself, but rather upon the product—the seatbelt—that allegedly failed.

Plaintiffs argue that the inconvenience of the federal forum supports granting a stay, because in fact the documents and evidence they will be relying upon can be obtained in California at Defendants' headquarters. However, in this day of mobile computing, electronic document submission, video conferencing, and e-mail, this factor is not sufficiently great such that a stay is warranted.

The next factor, the desirability of avoiding piecemeal litigation, also is unhelpful. Although Defendants suggest that the proceedings will be unnecessarily duplicative, the correct evaluation of this factor involves considering whether "exceptional circumstances exist" that justify special concern about piecemeal litigation. *Travelers Indem. Co.*, 914 F.2d at 1369. In *Colorado River*, this factor tipped in favor of dismissal out of the desire to avoid piecemeal litigation over state water rights and the existence of a forum for doing so in state court as a matter of federal policy. No such concerns arise here.

The order in which jurisdiction was obtained is similarly unhelpful, considering

**MEMORANDUM DECISION AND ORDER - 5**

both cases were filed on the same day. As for choice of law issues and application of state products liability law, the Court is capable of deciding issues of state law. *See Travelers Indem. Co.*, 914 F.2d at 1370.

The two factors considering whether federal law provides the rule of decision on the merits and whether the state court proceedings are inadequate to protect the federal litigant's rights tip slightly in favor of a stay. In this case, there are no issues of federal law, as the case involves claims of negligence and products liability brought solely under state law. Plaintiffs indicate that they filed suit in federal court to toll the statute of limitations if Defendants sought dismissal in the California state court action. (Mem. at 4, Dkt. 66.) The Court may stay an action "to ensure that the 'federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate.'" *Coopers & Lybrand v. Sun-Diamond Growers of Calif.*, 912 F.2d 1135, 1138 (9th Cir. 1990).

However, keeping one's options open appears to come into play when a plaintiff's federal claims may be subject to dismissal by the state court, and would be precluded on statute of limitations grounds if they were not simultaneously filed in federal court. *See Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241 (9th Cir. 1989) (staying federal court action when the state court had dismissed the plaintiff's Section 1983 claim to avoid the risk that the plaintiff would be time-barred from reinstating the federal suit).

In this case, Plaintiffs filed the action here because Idaho lacks a "savings clause" which would automatically permit the case to be refiled in Idaho if it were dismissed in

**MEMORANDUM DECISION AND ORDER - 6**

California. (Aff. of Komyatte ¶ 5, Dkt. 66-1.) Ostensibly, the California state court had the option of dismissing the action as a resolution to Defendants' motion to stay filed there. However, the California state court action was not stayed or dismissed. Plaintiffs represented that, if the California state court action was not dismissed or stayed, they would dismiss the federal action. (Aff. of Komyatte Ex. A, Dkt. 66-1.) It is time for Plaintiffs to determine their next steps.

As for forum shopping, it appears Plaintiffs filed the federal court action out of an abundance of caution and concern regarding the statute of limitations. Defendants claim that Plaintiffs have engaged in forum shopping because California has more favorable laws and no connection to this case other than the location of the Defendants, and therefore Plaintiffs should not be permitted to stay this action. However, the Ninth Circuit has held that "forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *Travelers Indem. Co.*, 914 F.2d at 1371. Defendants do not allege that Plaintiffs had these purposes in mind when they chose to file in state and federal court simultaneously. And, as it turns out, it appears from Defendants' arguments in opposition to the stay that it is Defendants who may be seeking to avoid what they perceive as potential adverse rulings by the California state court because of California's presumably more favorable laws, and that is why Plaintiffs chose to file in California. But Defendants have not pointed to any law in particular. Thus, this factor does not appear to weigh in favor of a stay.

**MEMORANDUM DECISION AND ORDER - 7**

## CONCLUSION

To determine whether a stay is warranted, the factors must be balanced, with the balance "heavily weighted in favor of the exercise of jurisdiction.*" Travelers Indem. Co.*, 914 F.2d at 1372. While here, the forum-shopping factor may be an issue, no other factor creates the "exceptional circumstances" justifying a stay under *Colorado River* because these circumstances "are present to this degree in many instances of parallel federal-state litigation." *Id.* Therefore, the Court will not exercise its discretion to refuse jurisdiction, and the motion will be denied.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion for Stay Pending Resolution of the Identical Matter Pending in State Court in California (Dkt. 19) is **DENIED**.

2) A **Motion Hearing** on Defendants' Motion to Dismiss (Dkt. 42) is set for **July 12, 2011, at 4:00 p.m. in Pocatello** – District Courtroom before Judge Candy W. Dale.

DATED: June 17, 2011

Honorable Candy W. Dale
Chief United States Magistrate Judge